UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MATTHEW DUDLEY (#539135)                    CIVIL ACTION

VERSUS                                       NO. 16-4-BAJ-RLB

BURL CAIN, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 22, 2018.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MATTHEW DUDLEY (#539135)**               **CIVIL ACTION**

**VERSUS**                                 **NO. 16-4-BAJ-RLB**

**BURL CAIN, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed an opposition to the petitioner's application. *See* R. Docs. 8 and 9. There is no need for oral argument or for an evidentiary hearing.

On December 30, 2015, the *pro se* petitioner, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2011 criminal conviction and sentence entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on two counts of armed robbery. The petitioner asserts that he was provided with ineffective assistance of counsel, that the prosecutor made improper remarks during closing argument, and that the trial court imposed an illegal sentence.

**Procedural History**

On June 3, 2011, the petitioner was found guilty of two counts of armed robbery. After habitual offender proceedings, the petitioner was adjudicated as a second felony offender and was sentenced on November 8, 2011 to fifty-one years at hard labor, to be served without benefit of probation, parole, or suspension of sentence. The petitioner thereafter filed an appeal, and on November 2, 2012 his conviction and sentence were affirmed by the Louisiana First Circuit

Court of Appeal. *See State v. Dudley,* 12-0640 (La. App. 1 Cir. 11/2/12), 2012 WL 5383089. The petitioner's application for supervisory writs was denied by the Louisiana Supreme Court on April 26, 2013. *See State v. Dudley,* 12-2593 (La. 4/26/13), 112 So.3d 841.

On or about July 2, 2014, the petitioner filed an application for post-conviction relief ("PCR"). The trial court denied the petitioner's PCR application on November 12, 2014. The petitioner sought further review which was denied by the Louisiana First Circuit Court of Appeal on February 9, 2015. On October 14, 2015, the petitioner filed an application for supervisory writs which was denied by the Louisiana Supreme Court on December 7, 2015. On December 30, 2015, the petitioner filed the present application.

## Applicable Law and Analysis

As set forth below, this Court concludes, as asserted by the State of Louisiana, that the petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544

U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration.  *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the Court finds that the petitioner's conviction became final on July 25, 2013, ninety days after denial of his application for supervisory review in the Louisiana Supreme Court on April 26, 2013 in connection with his direct appeal.  *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  Thereafter, approximately 342 days elapsed until the petitioner filed his PCR application on July 2, 2014.  The petitioner's PCR application remained pending until the Louisiana First Circuit Court of Appeal denied his writ application on February 9, 2015.

Although the petitioner filed an application for supervisory writs with the Louisiana Supreme Court, his application was denied as untimely.  In contrast to an untimely writ application filed before the intermediate appellate court, which has been held, pursuant to *Melancon v. Kaylo*, *supra*, to be "properly filed" and "pending," even though untimely, because it requires "some level of judicial review," an untimely writ application before the Louisiana Supreme Court is not subject to such review.  *See* Louisiana Supreme Court Rule X, § 5(a).  This Rule provides that a writ application before that Court, "shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal" and, further, that "[n]o extension of time therefor will be granted."  As a result, the filing of an untimely writ application before the Louisiana Supreme Court does not toll the limitations period because it is not seen to be "properly filed" and is therefore not "pending" before that Court.  *See Williams v. Cain*, 217

F.3d 303, 308 (5th Cir. 2000) (finding that no exceptions and no examination are contemplated by Louisiana Supreme Court Rule X § 5(a) and, therefore, that compliance with the time requirement is necessary for a prisoner's application for post-conviction relief to be considered "properly filed" and "pending" under section 2244(d)(2)). *See also Jenkins v. Cooper*, 2009 WL 1870874, *5 (E.D. La., June 26, 2009) (holding that a petitioner does not benefit from any statutory tolling for an untimely writ application filed in the Louisiana Supreme Court because "[a] writ application which fails to comply with La. S.Ct. Rule X § 5(a) is not properly filed because it is untimely, and it is not pending post-conviction review for purposes of the ... statute of limitations and tolling doctrines"). Accordingly, the pendency of the petitioner's untimely writ application in the Louisiana Supreme Court never interrupted the running of the limitations period. *Williams v. Cain*, *supra*. Thus, this Court is required to count against the time clock the period between March 11, 2015, the last day allowed to the petitioner to seek timely review in the Louisiana Supreme Court, and December 30, 2015, the date of filing of the instant petition. This results in a finding of an additional 294 days of un-tolled time elapsed during which the petitioner did not have any properly filed application for post-conviction or other collateral relief pending before the state courts.

Accordingly, inasmuch as the petitioner's direct appeal proceedings were concluded on July 25, 2013, the one-year limitations period for filing a federal habeas corpus application began to run on that date. Approximately 342 days passed between the time the petitioner's conviction became final and the filing of the petitioner's PCR application in the state trial court. Thereafter 294 days elapsed between the denial of the petitioner's writ application by the Louisiana First Circuit Court of Appeal and the filing of the instant petition on December 30, 2015. Accordingly, more than a year elapsed during which the petitioner did not have any properly

filed applications for post-conviction or other collateral review pending before the state courts, and the petitioner's application is untimely.

Having found the petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B)—because there was a state-created impediment to timely filing—or that he is entitled to equitable tolling. To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that he was prevented from filing a petition by a state-created impediment in violation of the Constitution or federal law. *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003). The petitioner has made no such showing in this case. Accordingly, there is no suggestion in the record that the petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or

the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012), *cert. denied,* —— U.S. ——–, 133 S.Ct. 1633 (2013). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D. Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

      The circumstances of this case are not "extraordinary" such that equitably tolling can be applied. In this matter, the petitioner alleges that he did not receive notice of the First Circuit's denial of his writ application until September 14, 2015. *See Petitioner's Exhibits 5 and 6.* "Long delays in receiving notice of state court action may warrant equitable tolling." *Hardy v. Quarterman,* 577 F.3d 596, 598 (5th Cir. 2009); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *modified on reh'g,* 223 F.3d 797 (2000). To warrant tolling under such circumstances, a petitioner must show that he "pursued the [habeas corpus relief] process with diligence and alacrity" both before and after receiving notification. *Phillips,* 216 F.3d at 511 (requiring that a petitioner show diligence upon notification); *see Lewis v. Cockrell,* 275 F.3d 46 (5th Cir. 2001) (explaining that a court should consider whether a petitioner acted diligently both before and after receiving notification).

In *Hardy*, this Fifth Circuit held that a *pro se* habeas petitioner "suffered a significant state-created delay when the TCCA failed in its legal duty to inform him that his petition had been denied" for eleven months after the TCCA's decision. 577 F.3d at 599. In that case, however, the habeas petitioner was unable to determine the status of his case solely because the TCCA [Texas Court of Criminal Appeals] failed to notify him and failed to respond to his requests for information. *Id.* at 599–600. In *Phillips,* the Court likewise concluded that the petitioner was entitled to equitable tolling when there was a four month delay in receipt of the appellate court's ruling since Phillips had pursued the process with diligence and alacrity.

The petitioner in the instant matter has demonstrated no such diligence and alacrity. Approximately 342 days passed between the time the petitioner's conviction became final and the filing of the petitioner's PCR application in the state trial court. Notice of the appellate court's ruling regarding the petitioner's PCR application could have been easily obtained if the petitioner had contacted the appellate court. The petitioner does not allege that he ever attempted to contact the appellate court or learn of the status of his PCR application, which resulted in him not receiving notice of the First Circuit's ruling until nine months after he filed his writ application.

As such, the petitioner did not diligently pursue his rights, nor was he prevented from doing so in some extraordinary manner. Accordingly, the petitioner's application should be denied as untimely.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court

may address whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely.  It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on May 22, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**